UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN JAMES PARKER,<br><br>Defendant. | Case No. 4:23-cr-00259-AKB-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## BACKGROUND

Pending before the Court is Defendant Steven James Parker's pro se Motion for Return of Property (Dkt. 44). Parker was indicted on September 26, 2023, and charged with bank robbery, use of a firearm in furtherance of a violent crime, and possession of a firearm by a prohibited person (Dkt. 2). The indictment also included a forfeiture allegation under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) seeking forfeiture of only one category of property, a "handgun manufactured by Hi-Point, .380 ACP caliber, serial number P907795, and associated ammunition." (Dkt. 2 at 3-4.) No other property was identified or sought for forfeiture in the indictment.

Parker pleaded guilty to Counts One and Two, and the Court sentenced him on May 7, 2024, to 156 months' imprisonment and ordered $11,106.81 in restitution (Dkts. 36-37). The Government thereafter moved for forfeiture of the firearm described in the indictment, and the Court entered both a Preliminary Order of Forfeiture, Final as to Defendant (Dkt. 30) and a Final Order of Forfeiture Recognizing Third-Party Rights (Dkt. 41). Those orders confirmed forfeiture solely of the Hi-Point handgun and ammunition, consistent with the indictment.

MEMORANDUM DECISION AND ORDER - 1

Separately, on August 1, 2024, the Court granted the Government's Motion to Turn Over Funds and directed the FBI to remit $286 in seized cash toward Parker's restitution obligation (Dkt. 43). That turnover order did not reference any other personal property.

In his current motion, Parker seeks return of personal items seized at the time of his arrest, including a cell phone and prescription glasses, which he asserts were not forfeited and not applied to restitution.[1]

## LEGAL STANDARD

Rule 41(g) of the Federal Rules of Criminal Procedure provides, in pertinent part, that "a person aggrieved . . . by the deprivation of property may move for the property's return." If a defendant seeks return of property after pleading guilty and being sentenced, there is a presumption that he is entitled to return of the property. *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993). To overcome that presumption, the Government bears the burden of showing "that it has a legitimate reason to retain the property." *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1060-61 (9th Cir. 1991). The Government may satisfy its burden by establishing "the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture, or the government's need for the property as evidence continues." *Id.* at 1061. In addition, a Rule 41(g) motion is properly denied if the government demonstrates "a cognizable claim of ownership or right to possession adverse to that of the defendant." *Mills*, 991 F.2d at 612 (cleaned up).

## ANALYSIS

---

[1] Parker also submits a letter, docketed as a motion, which seeks "very specific" guidance on which sentencing documents he needs to resolve a dispute with the Bureau of Prisons regarding (Dkt. 46). The Court, however, cannot provide Parker legal advice. To the extent Parker's letter is construed as a motion, it sets forth no legal basis for the request, and it is denied.

As noted, the indictment's forfeiture allegation was limited to the Hi-Point handgun and ammunition (Dkt. 2 at 3-4). The preliminary and final forfeiture orders (Dkts. 30, 41) and the restitution turnover order (Dkt. 43) addressed only that firearm, its ammunition, and $286 in cash. None mentioned a cell phone or prescription glasses.

Accordingly, there is no indication that those items were ever subject to forfeiture or applied to restitution. However, the record does not show whether they remain in government custody, were administratively disposed of, or otherwise released. Because the government bears the burden under *Mills* and *Van Cauwenberghe* to justify continued retention, the government must clarify the current status of the property. The Court will take the matter under advisement upon receipt of the government's response and issue further orders as appropriate.

## ORDER

**IT IS HEREBY ORDERED:**

1. The United States shall file a response to Defendant's Motion for Return of Property (Dkt. 44) within **thirty (30) days** of the date of this Order addressing the current status of the property Defendant identified.

2. Defendant's "motion" (Dkt. 46) requesting guidance on resolving a dispute with the Bureau of Prisons is denied.

DATED: November 03, 2025

*Amanda K. Brailsford*
**Amanda K. Brailsford**
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 3