UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>v.<br><br>STEVEN JAMES PARKER,<br><br>               Defendant. | Case No. 4:23-cr-00259-AKB-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## BACKGROUND

Pending before the Court is Defendant Steven James Parker's pro se Motion for Return of Property (Dkt. 44). In his current motion, Parker seeks return of personal items seized at the time of his arrest, including a cell phone and prescription glasses, which he asserts were not forfeited and not applied to restitution.[1] The Court ordered the Government to identify the location of the property, and it has done so (Dkt. 48). Parker's motion is denied.

## LEGAL STANDARD

Rule 41(g) of the Federal Rules of Criminal Procedure provides, in pertinent part, that "a person aggrieved . . . by the deprivation of property may move for the property's return." If a defendant seeks return of property after pleading guilty and being sentenced, there is a presumption that he is entitled to return of the property. *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993). To overcome that presumption, the Government bears the burden of showing "that it has a

---

[1]      Parker also submits a letter, docketed as a motion, which seeks "very specific" guidance on which sentencing documents he needs to resolve a dispute with the Bureau of Prisons regarding (Dkt. 46). The Court, however, cannot provide Parker legal advice. To the extent Parker's letter is construed as a motion, it sets forth no legal basis for the request, and it is denied.

**MEMORANDUM DECISION AND ORDER - 1**

legitimate reason to retain the property." *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1060-61 (9th Cir. 1991). The Government may satisfy its burden by establishing "the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture, or the government's need for the property as evidence continues." *Id.* at 1061. In addition, a Rule 41(g) motion is properly denied if the government demonstrates "a cognizable claim of ownership or right to possession adverse to that of the defendant." *Mills*, 991 F.2d at 612 (cleaned up).

## ANALYSIS

As noted, the indictment's forfeiture allegation was limited to the Hi-Point handgun and ammunition (Dkt. 2 at 3-4). The preliminary and final forfeiture orders (Dkts. 30, 41) and the restitution turnover order (Dkt. 43) addressed only that firearm, its ammunition, and $286 in cash. None mentioned a cell phone or prescription glasses. The Government has since informed the Court that Parker's legal counsel sent him his glasses on June 26, 2025, to Adelanto, CA, where he was incarcerated at that time. "The other items, including the phone, were sent on July 21, 2025, at Mr. Parker's request, to a Jules Canoy in Challis, Idaho."

As the Government is no longer in possession of the property at issue, the motion is denied.

## ORDER

**IT IS HEREBY ORDERED:**

1.     Defendant's Motion for Return of Property (Dkt. 44) is **DENIED**.

DATED: December 18, 2025

Amanda K. Brailsford
U.S. District Court Judge